IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PORTER RENFRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:06-CV-2052-K |
| | § | |
| HARTFORD UNDERWRITERS | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hartford Underwriters Insurance Company's ("Defendant") Motion for Summary Judgment (Doc. No. 9). The Court **GRANTS** Defendant's motion because Plaintiff Porter Renfro's ("Plaintiff") failure to designate an expert witness prevents him from raising a genuine issue of material fact on the issue of medical causation.

I.   Factual and Procedural Background

This case arises out of a dispute between a worker and his employer's workers' compensation insurance carrier. Plaintiff was injured on January 4, 1999 while delivering appliances as part of his employment with Zetley Distributors, Inc. ("Zetley"). After carrying an appliance into a customer's home, Plaintiff began experiencing sharp pains in his mid-back and arm. These pains worsened as the day went on, eventually progressing to his lower back. After initial treatments failed to alleviate Plaintiff's symptoms, he was

referred to an Orthopedic Surgeon who performed surgery on his lower back in February, 2001.  Following the surgery, Plaintiff continued to experience pain including a new pain that developed in his left hip and radiated down his left leg.  On February 20, 2002, Plaintiff was diagnosed with avascular necrosis ("AVN"), a degenerative condition that affects the hip, and was referred to a hip specialist.  Plaintiff subsequently decided to undergo a second surgery, this time to alleviate the painful symptoms associated with the AVN.

Plaintiff filed a claim with Defendant, Zetley's workers' compensation insurance carrier, seeking to have Defendant pay for the expenses associated with the second surgery.  Defendant denied the claim.  It is undisputed that the AVN condition itself was a pre-existing condition not caused by Plaintiff's injury on January 4, 1999.  It is also undisputed that the January 4, 1999 injury was covered by Zetley's insurance policy with Defendant.  This case arises out of a dispute over whether the injury aggravated and worsened Plaintiff's pre-existing AVN condition such that the second surgery should have been covered by Defendant.  Plaintiff claims that the January 4, 1999 injury worsened his AVN; Defendant claims that the AVN is unrelated to the work-related injury.

Defendant filed a Notice of Refused/Disputed Claim with the Division of Workers' Compensation of the Texas Department of Insurance (the "Division") after denying Plaintiffs claim.  Plaintiff pursued his administrative remedies with the Division to no avail.  After exhausting his administrative remedies, Plaintiff filed this suit on September

28, 2006 in Texas state court asserting claims for breach of contract, common law fraud, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Defendant removed to this Court with federal jurisdiction based on the complete diversity of citizenship of the parties. Defendant subsequently moved for summary judgment asserting, among other things, that Plaintiff's failure to designate an expert witness was fatal to his case.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

III.     Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff's failure to designate an expert witness on the issue of medical causation prevents Plaintiff from raising a genuine issue of material fact on any of his claims.  The Court agrees.

A.  Breach of Contract Claim

Plaintiff is unable to raise a genuine issue of material fact on his breach of contract claim.  The central issue in this case is whether there is a causal relationship between the work-related injury suffered by Plaintiff and the complications associated with Plaintiff's AVN.  In order to recover on his breach of contract claim, Plaintiff must establish this causal connection.  State law determines whether expert testimony is required to prove medical causation.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004).  It is undisputed that Texas law applies to this case.  Texas law requires expert testimony to establish causation on a medically complicated issue.  *Leitch v. Hornsby*, 935 S.W.2d 114, 118-19 (Tex. 1996); *Robinson v. Proctor & Gamble Distrib. Co.*, No. Civ.A.3:02CV2012-B, 2004 WL 3019092 (N.D. Tex. 2004).

In this case, Plaintiff has conceded that determining the cause of AVN is a medically complicated issue in that the medical community does not always know what causes AVN and it sometimes occurs in the general population for no apparent reason. Consequently, Plaintiff cannot carry his burden of proof at trial without providing expert testimony on the issue of causation.  The Court's Scheduling Order dated December 12,

2006 required Plaintiff to designate his expert witnesses on or before March 2, 2007. Plaintiff did not designate any expert before the deadline and has made no attempt to designate an expert at any point since the deadline. As a result, Plaintiff is unable to raise a genuine issue of material fact on the issue of medical causation making summary judgment appropriate as to his breach of contract claim.

### B. Extra-Contractual Claims

Plaintiff is unable to survive Defendant's motion for summary judgment on his common law fraud and DTPA claims for much the same reason his breach of contract claim fails. Plaintiff points to Defendant's alleged failure to promptly settle his claim after liability became reasonably clear as the basis for his extra-contractual claims. Because Plaintiff is unable to produce any evidence of his contractual claim, he is likewise unable to produce any evidence that liability was ever "reasonably clear." Plaintiff has directed the Court to no other specific conduct by Defendant that is arguably fraudulent or a violation of the DTPA.

Furthermore, Defendant correctly notes that an insurer, as a matter of law, has no extra-contractual liability to an insured based on an action taken pursuant to the orders of the Division. *See* Tex. Lab. Code Ann. § 416.001 (Vernon 2006); *See also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (noting that extra-contractual claims require the same predicate for recovery as "bad faith" insurance claim); *Emmert v. Progressive County Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex.

App–Tyler, 1994, writ denied) (holding that a defense to a "bad faith" insurance claim is also a defense to similar statutory claims). Here, the only conduct of which Plaintiff complains is the denial of its claim made pursuant to the orders of the Division. Consequently, Plaintiff's extra-contractual claims do not survive Defendant's motion for summary judgment. Having found that Defendant is entitled to summary judgment on all of Plaintiff's claims for the aforementioned reasons, the Court need not consider Defendant's alternative bases for summary judgment as to Plaintiff's extra-contractual claims.

IV. **Conclusion**

The Court **GRANTS** summary judgment for Defendant on all claims and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

Signed August 29th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE